# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MAXIMO VALLADARES,**

    **Plaintiff,**

**vs.**                                                                       **CASE NO. 4:05CV208-MMP/AK**

**STATE OF FLORIDA, et al,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and having paid the full filing fee, brings this cause pursuant to 42 U.S.C. §1983 complaining that a psychological evaluation was not admitted into evidence at his criminal trial, which he contends would have supported a defense of diminished responsibility. (Doc. 1). Plaintiff contends that the State is allowed to use this evidence as are other Florida defendants for their defenses, but he could not present it at his trial. Plaintiff seeks damages and a declaratory judgment that this discriminatory practice (allowing the state to use evidence that he is prohibited from presenting) violates the Equal Protection Clause.

This type of lawsuit is prohibited by the Supreme Court's holding in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), which held that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.

It is therefore **RECOMMENDED** that the amended complaint (doc. 7) be **DISMISSED** for failure to state a claim.

**IN CHAMBERS** at Gainesville, Florida, this  **19**$^{th}$  day of September, 2005.


s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:05cv216-mmp/ak**