IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAXIMO VALLADARES,

    Plaintiff,
v.                                                    CASE NO. 4:05-cv-00208-MP-AK

CHARLES V CRIST,
STATE OF FLORIDA,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 5, Report and Recommendations of the Magistrate Judge, recommending that Plaintiff's § 1983 complaint be dismissed. In his complaint, plaintiff seeks damages and declaratory relief based on the fact that he was not allowed to use as evidence at his criminal trial a psychological evaluation but the state was. His criminal conviction has not been overturned, expunged or cast into doubt by a federal habeas corpus ruling. Thus, the Magistrate Judge concludes that this type of lawsuit is prohibited by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), which held that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.

In his objections, plaintiff argues that the Court should follow the analysis used by the Sixth Circuit in Dotson v. Wilkinson, 329 F.3d 463 (6th Cir. 2003), and that this analysis would require the Court to recognize his § 1983 claim. Dotson does not apply to the plaintiff's case, however. First, Dotson relates specifically to challenges to the procedures used during parole hearings; plaintiff's claims challenge the constitutionality of the procedures at his criminal trial.

Second, Dotson itself recognized the continued existence of the following rule from Heck:

> a claim attacking only procedure, not result, may still fail to be cognizable under section 1983 unless the prisoner can show that the conviction or sentence has been previously invalidated, where, as in Edwards, the challenge can be said to "necessarily" imply the invalidity of the continued confinement.

Dotson, 329 F.3d at 468 (referring to Edwards v. Balisok, 520 U.S. 641(1997), a case in which the Supreme Court refused to allow a prisoner to challenge the disciplinary procedures which resulted in a loss of gain time).

In the instant case, if it were truly unconstitutional for the state court to refuse to admit a psychological evaluation on behalf of the defendant, while allowing admission on behalf of the prosecution, that would necessarily imply the invalidity of the plaintiff's continued confinement. Accordingly, the plaintiff's claim cannot be brought under § 1983 and should be dismissed.  It is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this   *4th* day of January, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge